# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

NOBLE LaQUNDUS TANNER-BEY,    )
                             )
Plaintiff,                   )
                             )
vs.                          )      NO. 2:17-CV-216
                             )
J. WARD, Badge No 12533,     )
*et al.*,                    )
                             )
Defendants.                  )

## OPINION AND ORDER

Noble LaQundus Tanner-Bey, a *pro se* plaintiff, has filed a complaint (DE #1) and motion to proceed in forma pauperis (DE #2). For the reasons set forth below, the Court:

(1) **STRIKES** the complaint (DE # 1);

(2) **DENIES** the motion to proceed in forma pauperis (DE # 2);

(3) **GRANTS** Plaintiff to and including July 24, 2017, to file an amended complaint in accordance with this order and either pay the filing fee or refile his motion to proceed in forma pauperis, making sure that all information is complete and up to date as of the time of filing; and

(5) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.

<u>BACKGROUND</u>

Noble LaQundus Tanner-Bey ("Plaintiff") filed this *pro se* action on May 9, 2017. (DE #1.) He appears to be attempting to dispute some sort of traffic tickets, although that is far from clear from the face of the complaint. In the "Claims and Facts" section of the complaint form, he simply states "See Documents Attached - 'Exhibit A.'" (*Id*. at 2.) Exhibit A consists of forty-nine single spaced pages, the bulk of which pertains to Plaintiff's alleged status as a "Free Moorish American National(s) Of Al Moroc (America) North, central, South America and Adjoining Islands Anciently Referred to As Amexem" who is subject to the "Treaty of Peace And Friendship of Seventeen Eighty Seven (1787) Superseded By the Treaty of 1836" between the United States and Morocco. (DE #1-3, p. 2.) He claims that he is a "Public minister of a foreign state" and is "immune from the jurisdiction of the Courts of the United States and of the States." (*Id*. at. 3.) Specifically, Plaintiff alleges that, because he is a Sovereign Citizen, the vehicle he travels with is not required to be registered. (*Id*. at 7.) In a document entitled "Petitioner's Affidavit of Fact, Evidence, and Information," he references several case numbers and/or tickets[1] and states that he is "Demand[ing] to Vacate and to Void Notwithstanding Tickets/ Suits/ Summons/ Citations/

_____

[1]  Plaintiff does not, however, provide any details as to the type of tickets/citations he received or the circumstances surrounding the issuance of those tickets/citations.

(misrepresented) Bill(s) of Exchange" because they are "in violation of the Substantive Rights of the Natural People and Citizens; and affirmatively ruled as unconstitutional by the Supreme Court of the United States of North America Anti-constitutional Ticket-Instruments Issued Under the Quasi-Criminal, Private Entity Authority of COOK County Township, Inc., And Its Officers." (*Id.* at 16.) Plaintiff argues that such tickets should be declared void because the state court lacks subject matter and personal jurisdiction over him and because the state "does not, nor does any of its subordinate corporate Entities or Agent(s), have any lawful right or lawful authority, to transfer or convert the exercising of a 'Right' into a 'Crime'; nor does the State possess such authority." (*Id.* at 17.) Among other relief, he seeks the return of unspecified personal property and monetary damages against the defendants. (DE #1, p. 3.)

In his motion to proceed in forma pauperis ("IFP"), Plaintiff indicates that he is not employed and has not received any money from any other source in the past twelve months. (DE #2.) However, when asked to explain how he obtains food, clothing, shelter, and the necessities of basic living, he states, "I receive unemployment benefits from the State . . . I have no gold or silver." (*Id.*)

DISCUSSION

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. See 28 U.S.C. section 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court must make two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. See *Smith-Bey*, 841 F.2d at 757.

A court must dismiss a case at any time, notwithstanding any filing fee that may have been paid, if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that "no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of

4

Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc*., 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, as to the financial prong of the analysis, Plaintiff indicates that he receives "unemployment benefits" but does not provide any detail as to the amount of those payments.

Plaintiff's assertion that he has "no gold or silver" does not serve to complete the picture. Thus, the Court is unable to determine whether Plaintiff's financial situation justifies IFP status, and the motion for IFP must be denied.

As to the complaint itself, to the extent Plaintiff's claims stem from his assertion that he is a "sovereign citizen" not subject to the laws of Illinois or the United States, such a claim is "shop worn" and "frivolous." *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *see also Blake-Bey v. Cook County, Ill.*, 438 Fed. Appx. 522, at *1 (7th Cir. Nov. 23, 2011) (suit properly dismissed as frivolous where plaintiffs, adherents of Moorish Science Temple of America, alleged that they were citizens of Moroccan Empire not subject to the laws of Illinois); *United States v. Toader,* 409 Fed. Appx. 9, at *13 (7th Cir. Nov. 24, 2010) (rejecting argument that court lacked jurisdiction over defendant claiming to be "Native Asiatic Moorish National Citizen" since laws of the United States "apply to all persons within its borders"). As noted by the Seventh Circuit Court of Appeals, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

Furthermore, even giving the complaint liberal construction, the Court cannot discern any plausible federal claim against any defendant. Amidst a plethora of seemingly irrelevant information, the forty-nine page exhibit to the complaint mentions Defendant "J. Ward (Star/Bond No. 12533)" only once, and that is simply to list him as the "Public Officer" in reference to some sort of tickets or citations.[2] (DE #1-3, p. 16.) Plaintiff does not coherently describe what Defendant J. Ward allegedly did, when he did it, or how what he did harmed Plaintiff. Listing Constitutional Amendments and reciting elements of various causes of action without any factual detail whatsoever does not provide clarity as to the nature of his claims. It is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). A plaintiff's obligation "requires more than labels and conclusions. . . ." *Id* . at 555. Simply put, Plaintiff's complaint does not sufficiently state any claim, and the Court is not obligated to search through forty-nine pages of largely irrelevant information to find one. See *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule

---

[2]   Defendant "Sgt. Badge No. 13049" is not mentioned in the complaint at all as far as the Court can tell.

8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

That said, when a complaint lacks detail or is confusing, a court may dismiss it and allow the plaintiff to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the Court will strike Plaintiff's complaint and grant him leave to file an amended complaint. In preparing the amended complaint, he must complete all sections of the civil complaint form, identify who he is suing, and provide a factual basis for his claim against each defendant. He should not include boilerplate language or details regarding his alleged status as a "Free Moorish American National." Rather, he should simply explain in his own words what occurred, when it occurred, who was involved, and why he believes his constitutional rights were violated.

CONCLUSION

For the reasons set forth above, the Court:

(1) **STRIKES** the complaint (DE # 1);

(2) **DENIES** the motion to proceed in forma pauperis (DE # 2);

(3) **GRANTS** Plaintiff to and including July 24, 2017, to file an amended complaint in accordance with this order and either pay the filing fee or refile his motion to proceed in forma pauperis, making sure that all information is complete and up to date as of the time of filing; and

(5) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.


DATED: June 22, 2017                    /s/RUDY LOZANO, Judge
                                        United States District Court